[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
"A motion to strike challenges the legal sufficiency of a pleading." (Citation omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "[I]f a `pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted,' a motion to strike is required." (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
The plaintiffs allege in pertinent part: "The valuation of this property placed thereon by the assessors was not that percentage of its true and actual value on that assessment date, but was grossly excessive, disproportionate and unlawful." The defendants argue that the plaintiffs' complaint, "fails to state a claim upon which relief can be granted and is legally insufficient" because "a municipality is not required to revalue properties in between decennial town-wide revaluations."
Non-exempt property "shall be liable to taxation at a uniform percentage of its present true and actual valuation, not exceeding one hundred per cent of such valuation, to be determined by the assessors . . ." General Statutes 12-64. "The plaintiffs would be entitled to relief under 12-118 if [they] could prove that [their] property was bearing a disproportionately high tax burden because of the defendant's failure to comply with 12-64.'" (Citation omitted.) Uniroyal, Inc. v. Board of Tax Review, 182 Conn. 619, 626,438 A.2d 782 (1981). However, General Statutes 12-62, which mandates that assessments of all real property be made every ten years, is the sole remedy for mere fluctuations of market value of individual parcels of property between the decennial CT Page 8562 assessments. Uniroyal, Inc. v. Board of Tax Review, supra, 629. An interim revaluation is required under "certain circumstances, such as the destruction or expansion of property, a substantial change in its use or zoning classification, or a decision by the taxpayer to go out of business . . ." Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425, 435-36, 525 A.2d 91 (1987). Revaluation is also permitted under "two statutory exceptions, General Statutes 12-53a, permitting a reassessment where new construction is completed on property between revaluations, and General Statutes 12-64a, authorizing a reduction in the assessed value of property upon the demolition and removal of damaged buildings." 84 Century Limited Partnership v. Board of Tax Review, 207 Conn. 250, 259, 541 A.2d 478 (1988).
The plaintiffs did not allege facts from which it can be found that the assessment violated General Statutes 12-64 by disproportionately placing a higher tax burden on their properties. Nor did the plaintiffs request an interim revaluation pursuant to any of the exceptions to the general rule that only a decennial revaluation is required. Therefore, the defendant's motion to strike the complaint is granted on the ground that the complaint is legally insufficient because it fails to allege facts supporting legal conclusions.
/s/ Sylvester, J. SYLVESTER, J.